Dear Dr. Mallory:
This letter is in response to your question asking:
 May a school district in the year subsequent to a tax revision resulting either from reassessment or Section 22A of Article X of the Constitution of Missouri modify its tax rate ceiling by a simple majority vote of the board of education to recapture any loss in state school aid resulting from an aggregate increase in assessed valuation within the district?
(Emphasis added.)
Section 137.073.5(2), RSMo Supp. 1985, states in part:
 It is further the intent of the general assembly, under the authority of section 10(c) of article X of the Constitution of Missouri, that the provisions of this section be applicable to tax rate reductions or revisions mandated under section 22 of article X of the Constitution of Missouri as to reestablishing tax rates as reduced or revised in subsequent years, enforcement provisions, and other provisions not in conflict with section 22 of article X of the Constitution of Missouri; except that, in calculating tax rates in the year subsequent to a tax reduction or revision under section 22 of article X of the Constitution of Missouri, a school district may modify its tax rate ceiling in such a manner as to recapture any loss in state school aid occasioned by establishing its tax rate ceiling as required by section 22 of article X of the Constitution of Missouri. * * *
(Emphasis added.)
Under the school foundation formula, as a school district's "equalized assessed valuation", as defined in Section163.011(5), RSMo Supp. 1985, increases, the amount of state aid it receives under the school foundation formula generally decreases.
Section 163.031.2 and .3, RSMo Supp. 1985, state:
 2. From the minimum guarantee for each district there shall be deducted an amount derived by multiplying fifty-seven percent of the pupil-weighted levy as adjusted by the district income factor by each one hundred dollars of the equalized assessed valuation of the property in the district the preceding year. Also, there shall be deducted fifty-seven percent of the amount received for school purposes from fines, forfeitures, escheats and intangible taxes.
 3. To the amount calculated in subsections 1 and 2 of this section shall be added an amount to which a district is eligible under the guaranteed-tax-base provision which shall be calculated as follows: Multiply the difference between the guaranteed tax base less the equalized assessed valuation per eligible pupil of the school district for the last year divided by one hundred times the number of eligible pupils, times the difference obtained by subtracting fifty-seven percent of the equalized pupil-weighted levy as adjusted by the district income factor from the equalized operating levy for the district.
(Emphasis added.)
The current general reassessment of property tax valuations has caused the equalized assessed valuations of some school districts to increase.
We believe that Section 137.073.5(2), RSMo Supp. 1985, was intended by the legislature to apply only to losses of state aid caused by the Hancock Amendment tax rate rollback, Article X, Section 22 (a), Missouri Constitution, even though such application may be constitutionally questionable. Your question concerns losses of state aid caused by increases in a school district's equalized assessed valuation. The statutory language quoted above in Section 137.073.5(2), RSMo Supp. 1985, has no application to losses of state aid caused by increases in a school district's equalized assessed valuation.
We conclude that Section 137.073.5(2), RSMo Supp. 1985, does not authorize the modification of the tax rate ceiling by simple majority vote of the local board to recapture losses of state school aid funds resulting from an aggregate increase in assessed valuation within the school district.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General